IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MARIAN C. PENDLETON,

        Plaintiff,

v.                                               Civ. No. 15-861 KG/KK

KELLER'S FARM STORE, et al.,

        Defendant.

## ORDER DISMISSING FEDERAL CLAIMS AND REMANDING CASE

Plaintiff Marian Pendleton filed a Complaint in the Second Judicial District Court, County of Bernalillo, State of New Mexico, on July 24, 2015.  (Doc. 1) Ex. A at 1-4.  She alleges damages arising out of violations by her employer, Defendants Keller's Farm Store and Keller Farm Store, Inc. ("Keller's"), of the New Mexico Human Rights Act ("NMHRA"), NMSA 1978, §§ 28-1-15–28-1-15 (Repl. Pamp. 2012), and the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101-12213 (2012).  Keller's removed the case to this Court on September 28, 2015. (Doc. 1.)  During an Initial Scheduling Conference before Magistrate Judge Khalsa, Pendleton stated that she intended to amend her Complaint to omit all federal claims and then move for remand of the case to state court.  (Doc. 14.)  Pendleton then filed a Notice of Dismissal of all Federal Claims on December 2, 2015.  (Doc. 15.)  Pendleton did not obtain the signature of Keller's as required for a voluntary dismissal by a plaintiff pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii).  Nevertheless, the Federal Rules authorize a Court Order dismissing such claims.  FED. R. CIV. P. 41(a)(2).

The Court construes the Notice of Dismissal as a motion to dismiss Pendleton's ADA claims, grants the motion, and dismisses these claims without prejudice.  Pendleton is thus left

with only her NMHRA claims.  Under 28 U.S.C. § 1367(c)(3), a district court has the discretion

to decline to exercise supplemental jurisdiction over state claims if "the district court has

dismissed all claims over which it has original jurisdiction."  The Tenth Circuit has "generally

held that if federal claims are dismissed before trial, leaving only issues of state law, the federal

court should decline the exercise of [supplemental] jurisdiction. . . ."  *Brooks v. Gaenzle*, 614

F.3d 1213, 1229 (10th Cir. 2010).  "Notions of comity and federalism demand that a state court

try its own lawsuits, absent compelling reasons to the contrary."  *Thatcher Enters. v. Cache Cnty.

Corp.*, 902 F.2d 1472, 1478 (10th Cir. 1990).

Here, the interests of judicial economy, convenience, fairness, and comity would not be

served by retaining supplemental jurisdiction over the NMHRA claims.  *Id.*  Taking into

consideration those factors, and following Tenth Circuit precedent, the Court declines to exercise

supplemental jurisdiction over Pendleton's NMHRA claims.  Consequently, the Court will

remand the remainder of this case to the Second Judicial District Court, County of Bernalillo,

State of New Mexico.

IT IS ORDERED that

1.  Pendleton's ADA claims are dismissed without prejudice;

2.  the Court declines to exercise supplemental jurisdiction over Pendleton's NMHRA

    claims; and

3.  the remainder of the case is hereby remanded to the Second Judicial District Court,

    County of Bernalillo, State of New Mexico.

_____
UNITED STATES DISTRICT JUDGE